Mr. Bobby Norman, Director Commission On Law Enforcement Standards and Training P.O. Box 3106 East Camden, Arkansas 71701
Dear Mr. Norman:
This is in response to your request for an opinion on several questions concerning the certification of juvenile intake and juvenile probation officers who are employed under contract as allowed by A.C.A. 16-13-330 (Supp. 1989).
Section 16-13-326 — 330 is the codification of Act 418 of 1989. It provides for at least one juvenile probation officer, and at least one juvenile intake officer in each juvenile division, provides that they shall serve at the pleasure of the judge of the juvenile division, and provides that they shall be certified according to the laws of the state. It also makes allowance for the payment of their salaries by the county, with a provision for the state to start paying a portion of the salaries after August 1, 1990. It also provides, however, that intake and probation services as the court deems necessary may be provided by contract providers by virtue of a contract between the county and the provider.
Your questions arise because some of the personnel supplied by these contract providers have applied with the Commission on Law Enforcement Training and Standards for certification as juvenile officers. Your position is that if the persons performing the functions of juvenile probation officers and juvenile intake officers are supplied under contract as allowed under A.C.A.16-13-330, they are not entitled to be certified by the Commission. You have asked four specific questions which will be restated and answered in the order posed.
Your first question is as follows:
 Would an employee of a contract services provider be considered an employee of the court under the conditions listed in the above paragraph?
In your request, you state that it is your understanding that contract service providers are paid a specific amount to provide the services and that their employees receive their pay checks and benefits directly from the contract service provider. These are factors which a court would consider in making a determination of whether these persons are employees of the court or the contract provider. Under Arkansas law, the question of employment is a question of fact. Eagle Star Ins. Co. v. Deal, 337 F. Supp. 1264 (W.D.Ark. 1972), reversed 474 F.2d 1216 (1973). It has also been stated that the governing test of an employer-employee relationship is whether the asserted employer has the right to control the employee in his work. Sandy v. Salter, 260 Ark. 486,542 S.W.2d 929 (1976). This office is neither equipped nor authorized to answer this factual question. It is my opinion, however, that the answer to this question is not dispositive of your ultimate inquiry, which is whether the personnel supplied through contract providers are entitled to be certified by the Commission.
Your second question is as follows:
 Would an appointment by a juvenile judge make a person employed as described in the above paragraph, an employee of Juvenile Division of Chancery Court?
Again, an appointment by the juvenile judge will be one factor a court would consider in resolving the factual question of whether these individuals are employees of the court; and again, it is my opinion that their status as employees of the court is not dispositive of your ultimate question.
Your third question is as follows:
 Are there any conditions whereby employees of contract services providers, as described in Section 3 of Act 418 of 1989 [16-13-330] would be legally entitled to certification by the Executive Commission on Law Enforcement Standards and Training?
Your interpretation of the statutes, as set out in your request, notes that Act 418 of 1989, Section 1(a) and (b), and Section 2(a) and (b) `seem to set the following criteria for certification: 1) Employment by the Juvenile Division of Chancery Court, and 2) Salaries shall be paid by the counties. . . ." The statutes, as they are now codified at A.C.A. 16-13-327 or 328, (the former for probation officers and the latter for intake officers), each have the same requirements and provide that:
 (a) Each juvenile division shall be provided with not less than one (1) probation officer [and one intake officer]. . . .
 (b) Each probation officer [and intake officer] shall be an employee of the juvenile division of chancery court and shall serve at the pleasure of the judge of the juvenile division.
 (c) The probation officers [and intake officers] shall be certified as juvenile probation officers [or intake officers] according to the laws of this state and must maintain the certification during the terms of their employment.
 (d) the salaries of the probation officers [or intake officers] shall be paid by the county or counties in which the [officer] works. . . .
These are the requirements under the law for juvenile probation officers and juvenile intake officers. Section (c) requires that the juvenile officers by certified. Section 3 of Act 418 of 1989, which appears directly after the section above, states that:
 Provided that intake and probation services deemed necessary by the court may be provided by contract providers by contract between the county or counties in a judicial circuit and the contract provider upon approval of the chancery judge of the juvenile [sic] division.
This provision allows the probation and intake services to be provided by contract providers. It is thus an exception to the requirements that the officers be employed by the juvenile division, and that their salaries be paid by the county. Is it also an exception to the certification requirement? This is unclear under Act 418.
Some guidance, however, on the question of whether these persons may be certified is provided by A.C.A. 9-27-201 et seq. Section 9-27-205 of that subchapter was left unamended by Act 418 and the new juvenile code, A.C.A. 9-27-301 et seq. It provides, at subsection (a), that:
 (a) At the earliest practicable time, the executive commission shall provide by regulation that no person shall serve as a juvenile officer unless, within one (1) year after the person's hiring date or within one (1) year of the first training session, whichever comes later, that person shall have satisfactorily completed the training required by the executive commission.
This statute requires that persons who serve as "juvenile officers" be certified by the Commission. Your argument appears to be that contract personnel are not "juvenile officers" and thus they are not entitled to be certified. The question of whether these personnel are required to be certified is a very unclear one in my opinion, and I will note that you have not specifically asked this question. As such, we will not undertake to answer it herein. See, however, a copy of Opinion No. 89-384, a copy of which is enclosed. Your questions revolve around whether these individuals have a legal entitlement to be certified if they choose to be. Your third question asks specifically under what conditions these personnel would be legally entitled to certification. Arkansas Code Annotated 9-27-203, which encompasses the legislative intent of the certification requirement, is relevant to this question. It states as follows:
 The General Assembly finds and determines that the administration of juvenile justice is of statewide concern and is important to the health, safety, and welfare of the people of this state; that the state has a responsibility to ensure effective juvenile justice by establishing minimum selection, training, and educational requirements for juvenile officers, and also to encourage advanced in-service training programs; and that it is in the public interest that minimum levels of education and training be developed and made available to persons seeking to become juvenile officers and to persons presently service as juvenile officers. [Emphasis added.]
The legislative intent, as noted above, expresses an intent to make the certification available to persons seeking to become juvenile officers and as well as to persons currently serving as juvenile officers. It might be argued that this provision entitles anyone to certification who declares that the "seek" to become a juvenile officer at some future point. It is my opinion, however, that this would be an unreasonable construction of the statute. It is my opinion that this provision, as enacted by the 1985 act, refers to person currently serving as juvenile officers — meaning those persons serving as juvenile officers at the time of the adoption of Act 550 of 1985, and also refers to persons seeking to become juvenile officers — meaning those persons appointed in the future to juvenile positions who are awaiting certification during the probationary period provided for in 9-27-205(a). This provision, of course does not contemplate contract service providers. See n. 1 supra. As a result, the answer to your third question is very unclear under current law. It appears, however, that no provision is currently made for the certification of these individuals. Act 550 of 1985 simply does not contemplate them, and Act 418 of 1989 expresses no definitive legislative intent on the question. Absent any legislative or judicial guidance, we can only conclude that they are not entitled to certification.
Your fourth question is as follows:
 Are there any statutes or acts that would entitle [these contract personnel] to certification by the Commission?
As stated in response to question 3, it is my opinion that currently, the law does not provide for the certification of these persons. We are not unmindful of the fact that if these persons are not given the opportunity for certification, the purposes of the statutes may not be carried out. Section 9-27-201 expresses an intent that juvenile officers be certified in order that they meet minimum training and educational levels. Act 418 allows the functions of the juvenile officers to be provided by contract personnel. If these contract personnel are not allowed certification, and many or all of the counties entered into these contract agreements, these positions would be filled indefinitely with untrained personnel. This, in my opinion, may tend to subvert the intent of 9-27-201 et seq. It is my opinion, however, that legislative clarification is required before the statutes can be construed otherwise.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorneys General Elana L. Cunningham and Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb
[1] This provision was enacted in 1985, and thus predates Act 418 of 1989's authorization to provide juvenile services by contract.